NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIAN SETTY,

      Plaintiff - Appellant,

v.

UNITED FINANCIAL CASUALTY
COMPANY, INC.,

      Defendant - Appellee.

No. 23-3706

D.C. No.
3:23-cv-02464-LB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Submitted November 18, 2024[**]
San Jose, California

Before: GRABER, FRIEDLAND, and BUMATAY, Circuit Judges.

Plaintiff Brian Setty brought this action against Defendant United Financial

Casualty Company, seeking underinsured motorist benefits under an automobile

insurance policy. The district court dismissed the action pursuant to Federal Rule

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

of Civil Procedure 12(b)(6) on the ground that Plaintiff was not insured on the relevant date.  On de novo review, <u>In re Sorrento Therapeutics, Inc. Sec. Litig.</u>, 97 F.4th 634, 641 (9th Cir. 2024), we affirm.

Plaintiff bought a series of six-month automobile insurance policies from Defendant.  He suffered severe injuries in a car crash on September 30, 2020, resulting in expenses of nearly $1 million.  The other driver, who was at fault, was underinsured.  Plaintiff filed a claim with Defendant.  After Defendant denied the claim, Plaintiff filed this lawsuit.

The relevant policy covered the period from March 27 to September 27, 2020.  That contract contained an "Automatic Termination" provision, which provided that coverage "will terminate automatically if you do not accept our renewal offer" and further stated that, if the insurer offered to renew or continue the policy, the policy holder's "[f]ailure to pay the required renewal or continuation premium when due will mean that [the insured has] not accepted our offer."

On August 25, 2020, Defendant sent Plaintiff two documents.  One of them clearly advised Plaintiff that his "current policy will expire on 09/27/2020" and specified that his first premium payment was due on September 27, 2020.  The other document described the proposed coverage and stated:  "The coverages, limits and policy period [beginning on September 27] shown apply only if you

pay for this policy to renew." Defendant attached a payment schedule showing the first payment was due on September 27, 2020.

Plaintiff made no payment by the September 27 due date. Instead, he sent a payment on October 8, 2020, which Defendant applied to a new six-month term commencing on October 9. Accordingly, he was not insured on September 30.

Plaintiff argues that Defendant failed to follow section 663(a)(1) of the California Insurance Code, which governs this California insurance policy and which we therefore apply in this diversity action. That statute requires an insurer to deliver a notice to the insured at least 20 days before the end of the policy's term informing the insured that renewal is contingent upon payment of the premium. August 25 is more than 20 days before the termination date of September 27, so Defendant's mailing complied with this requirement. The fact that Defendant also sent a reminder to Plaintiff on September 11, because it had not heard from him, does not change the analysis.

Finally, we conclude that the district court did not abuse its discretion by considering the documents referred to in the complaint and tendered by Defendant. See Davis v. HSBC Bank Nev., N.A., 691 F.3d 1152, 1159–60 (9th Cir. 2012) (stating standard of review for a court's decision to incorporate by reference documents outside the pleadings); Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (holding that courts may consider documents whose contents

are relied on, but not included, by the complaint, including where a "plaintiff's claim depends on the contents of a document").

**AFFIRMED.**